Good morning, Your Honor. May it please the Court, my name is Richard Gilbert, and I represented Mr. Carbajal Flores both before the District Court and obviously on appeal. Sometimes it's a futile gesture, but I would like to try to reserve three minutes for rebuttal, if the Court's questioning permits that. With respect to the actual sentencing guideline calculation in this case, this seems to be a situation of alternative facts. I have argued in my brief and in my reply brief that the record is clear, that the actual sentencing report, which was endorsed by the U.S. Attorney's Office and adopted by the District Court as written, is legally flawed because it specifically treated what I've referred to as the Mexican murder as a separate racketeering offense. It calculated a separate guideline for that offense and then it grouped it as a separate offense when it compared to the other three Therefore, since, as I've argued, a foreign murder of a foreign national in a foreign country is not a racketeering activity, I believe it was error to treat it as such, and therefore I believe the Court needs to remand for resentencing. Can I, just to get a sense of where you and the government agree and where you and the District believe this analysis is supposed to work. So, under guideline section 1B.1.3, there's A1A and A1B. Are you saying that in order for that guideline to be used to calculate a base offense level, that the racketeering activity has to be listed as a predicate act in the indictment or information? Well, let me try to answer it this way. Relevant conduct, which is the citation you were referring to, is not some sort of abstract thing. It has to attach to a guideline calculation. In the case of racketeering offenses, it has to attach somehow to a guideline calculation for an individual racketeering activity. In this case, until the appeal, nobody was arguing that the Mexican murder was relevant conduct. They argued it was indeed a separate racketeering offense. All right. Now, if it had been treated as a relevant conduct item rather than as a racketeering predicate item, would this not be, and could the judge not have reached the same result here and done so without error? It could have been. Part of the problem is that I don't think it's clear cut that the Mexican murder was relevant conduct. It's something that we would argue about. So the most we could do, it would be to vacate and remand for the judge to reconsider rather than us saying the sentence is an error, it could have been a two-word death sentence. Right. Yes. I don't believe it's appropriate for this court to make what is essentially a factual finding. That's what relevant conduct is. It's a combination of law and facts. You don't dispute that the judge in the district could have treated this as relevant conduct and entered the same sentence at the end of the calculation? I am certain that the government certainly could have argued that below. Instead, what the government did was it argued that the murder of Special Agent Zapata was relevant conduct, and I don't think that helped them. That doesn't change, however, the result that we could reach here would be to strike the sentence, remand, and ask the judge below to reconsider, and he could come to the same sentence with a different calculation than the one else. It's possible. Okay. I'm sorry. I thought your entire argument was that the governing offense guideline in this case is 2E1.1, and that the relevant conduct guideline has nothing to do with the case because the specific RICO guideline talks about racketeering activity, and this isn't racketeering activity. The Mexican murder is not a racketeering activity. I hope you will come to that conclusion. I believe that's not disputed by the government. Right, but I thought I heard you tell Judge Sentell that the relevant conduct issue should be open and on remand. We should just say it's not racketeering activity and remand for the district court to consider whether it comes in through relevant conduct. On remand, I'm sure the government will argue that, and I will try to argue that the government should not. One, because they didn't raise it earlier. They're the one that brought Judicial Estoppel into their brief, but if that's denied, then we would certainly be in a situation where Judge Lambert could consider that. I do want to just say one thing. So all you're asking for is remand. We knock out the racketeering activity theory, and we remand for the district court to consider the relevant conduct issue? That's all you're asking for? Yes. I don't believe. I've thought about this Judicial Estoppel. No, no. Put aside Estoppel and put aside the question of what the court can do under 3553A in a discretionary guideline world. I'm just focused on racketeering activity versus relevant conduct. And you think relevant conduct is an open issue on remand? I do. Okay. I do want to say very briefly, though, that lest it be believed that I don't recognize the seriousness of the conduct, that even if the judge were precluded on a legal basis from concluding it was relevant conduct, and I believe there are arguments for that that I allude to in my reply brief, the judge of course can still consider under 3553A the conduct of the defendant while acting as a Zeta, but that would be not an automatic mathematical calculation. It would be a matter of discretion, and we could of course bring in other evidence related to his assistance to the Mexican government, which was not the basis for the reduction that the government asked for below. I see that my time is up. Let me, before you sit down, I just want to make sure that I understand what your argument is about how the sentencing guidelines calculation is properly done. You're saying that you believe that the government has now conceded or is not disputing that the Mexican murder cannot be a predicate act for guidelines purposes for the RICO conspiracy. Correct. Ian, why is it that you think that the government has conceded that or is not disputing that? Because their entire argument in their reply brief was based on the assumption that what the judge had done was conclude that the Mexican murder was relevant conduct that had to be related back to some other racketeering activity, and that was not what happened below. In response to Judge Sintel and Judge Gatzis, yes, it could have happened below, but that's not what did happen below, and the government actually never tries to argue in its brief that the Mexican murder was properly considered as a racketeering activity. So when you, just so that we're clear, when you're saying considered as relevant conduct, you mean under 1B.1.3? I don't think it really, well, I'm not conceding that. What relevant conduct provision are you talking about? Well, frankly, I would, with the government, try to argue which one it sits under. Arguably, I think it's probably, since they're talking about the Mexican murder, which Mr. Carvajal has admitted committing, it would probably be under the section that talks about his own activity. Which is 1A. 1A. Yeah, but I guess my point is, you're saying that the government didn't argue that below. Correct. But didn't, isn't that the argument that the government made in response to the objection that you filed to the pre-sentence report? No, that's when the government starts arguing that the murder of was relevant conduct. They put in there something that the Mexican murderer was in furtherance of the drug conspiracy. But I don't think that, that alone gets it to relevant conduct. That's when we get into the Azeem case, and the Dawn case, and when can foreign conduct be relevant conduct, and so forth. And in my view, it's too tenuous. But that's an argument I agree that would have to be made below. So I'm specifically talking about the language at Appendix 129. The government's response to your objections to the pre-sentence report. Yes. So that paragraph that begins with moreover, where they say any person engaging in or working in furtherance of a continuing criminal enterprise, et cetera, et cetera, who intentionally kills or causes the intentional killing of an individual, and such killing result shall be sentenced to any term of imprisonment, et cetera, and then they cite the conspiracy and continuing criminal enterprise statutes. And then they say, hence this murder was in furtherance of the protection of the drug trafficking operation, et cetera. And then they say, as such, the base offense level of 43 is set forth in paragraph 93 of the PSR is correct. Now they don't cite any specific provision there. And in the final PSR, when the probation office kind of responds to these objections, they don't cite a specific guidelines provision when they say that the Mexican murder can be considered. But is it really the only one that they could be talking about? 1.3 A1A? I mean, what else could the government be talking about in this paragraph and what else could the probation office have been talking about in the final PSR? Well, let me just point out that the probation office in the final report adopts much but not all of the language in the government's opposition. That whole sentence about 1841, you know, he wasn't charged with that. And the probation officer doesn't go there with respect to the language in the first sentence. They do talk about it. Right after they talk about it, the probation office says, well, you know, and if you agree with the defendant, then his guideline calculation is much lower. My point was that when the government below talks about relevant conduct, they're specifically talking about the relevant conduct of the murder of Agent Zapata. And that occurs on page 129. That occurs at several other points. That occurs, that's what they talk about. I wrote those down. And their sentencing allocation at appendix 161, that's what they talk about. They talk about it here at page 128. And you refer to page 129. Now, that's discussing the Mexican murder. It is. It is. And there's no reference to that being relevant conduct. Okay? Okay. And I'm sure that that's the language the government will try to shoehorn into relevant conduct agreement. So that's why I asked the question. They don't specifically reference relevant conduct. They don't specifically reference any particular guideline provision. So my question to you is, what other guideline provision could they be trying to shoehorn this into if not 1B1.3A1A? Well, I don't see them trying to shoehorn it into anything. That's the problem is because they've already treated the Mexican murder as a separate racketeering offense. And so this language sort of seems irrelevant. If you're going to take the actual sentencing calculation from the final pre-sentence report and adopt it by the judge, you don't have to talk about the Mexican murder as relevant conduct because you're treating it as a racketeering activity. Erroneously, but that's how you're treating it. Suppose we think that the relevant conduct issue was preserved by the government. How could this not be relevant conduct? The underlying offense is a RICO conspiracy. It's a C offense, which is to conduct the affairs of the enterprise through a pattern of racketeering. The defendant agrees to do that. It's a drug cartel. They exercise force and intimidation to protect their territory and their roots and such. And this is a murder of a rival gang member committed in furtherance of the conspiracy. And that's as relevant as relevant can get. Well, with all due respect, Judge, the problem is I believe that to establish the Mexican murder as relevant conduct, you have to link it more directly to the drug trafficking, which is the relevant racketeering activity that could possibly be linked to. And I think it has to be more directly. I think that's why these cases that we cite back and forth about when foreign conduct can be considered needs to be taken into account. Because part of the problem is if the Zetas were only in the business of drug trafficking, that would be perhaps simple. But they're not. They're also in the business of carjacking and kidnapping and human trafficking and assassinations. Was this kidnapping and murder? They weren't engaged in any drug trafficking at the time. Were they engaged in a kidnapping that went wrong for money? I mean, I think there's factual aspects about this as to whether or not it's directly enough related. And the Azeem case is an example where they found that conduct that probably indirectly enhanced the organization because they made the money from selling the drugs in Egypt. But nonetheless, the court didn't go there. And I think the conclusion to be drawn from looking at the cases cited by both the government and the defense is that there's got to be... It can be too tenuous in its connection to the specific offense that you want to link it to relevant conduct. Now, you know, my only argument at this point is that I don't believe that the simple language alone that this particular act was in generally in furtherance of the cartels' drug activities is enough to bring it into relevant conduct given that it occurred in a foreign country. And that's why I'm suggesting... On the relevant conduct, does the fact that it occurred in a foreign country make any difference? Not talking about the recall, but talking about relevant conduct, you just referred to given the fact that it happened in a foreign country, does that matter on relevant conduct? I believe that the answer that it matters, but that it's not itself alone dispositive, I think when it occurs in a foreign country, then I think that what you have to look to is how directly does it affect the particular charges that you want to call it relevant conduct for. In the child pornography cases, I think it's a no-brainer. They produced the child pornography in Honduras, but they're still in possession of that, and I don't see anything logically irrelevant in the child pornography cases, including the production in a foreign country as part of relevant conduct. But in these other cases, I think it becomes more tenuous, and I think that's the factual issue that I certainly would argue on remand, and I certainly believe that it's not something you can reach. But you're not contending that there's an extraterritoriality bar to considering foreign acts as relevant conduct? No, I'm not. Because of the child pornography cases that I think represent the most direct connection between foreign conduct and the activities that were charged in the United States. Isn't it a bit of a stretch to argue that there's not a connection here between the kidnap-murder and the conspiracy with which he's charged? Well, the problem is I certainly understand that the Zetas were involved in drug trafficking and something that generally helps the Zetas Rather heavily involved. They were dominating a segment of the drug trade, right? Yes, but they were involved in so many other activities. You know, I could give you a We have to break it down to that final point that this is relevant conduct to a particular part of their criminal enterprise, as opposed to Yes, because it's only their drug trafficking that makes it, and their murder of Special Agents Zapata and Avila which are already being dealt with as other racketeering activities It is only their drug trafficking that makes that a racketeering offense You know, their human smuggling their kidnapping and so forth Just one question on estoppel I'm inclined to agree with you that judicial estoppel is not a very good fit but wasn't there some sort of prejudice to the government here when they're trying to figure out how to treat this case in 2012 they get an agreement that the parties think this is a base offense level 43 case and that's the baseline on which they proceed and they make their charging decisions and everything else on that assumption and then five years later when the evidence is stale and so on you come back and say it's not a 43 case, it's a 30 case doesn't that prejudice the government Well, first of all, let me just point out that by 2015 it's clear that the analysis that the parties agreed on Fair enough you had the first PSR that's three years later instead of five years later but no I think first of all it was the government that drafted the letter and if you're going to talk about statutory contract law and so forth then I think you have to hold it against them but you're an independent branch of government and I don't think you want to find yourself in a position where you're saying that the government through a plea agreement that's not binding on the court the sentencing guidelines parts were not it's not binding on the court but nonetheless because of the plea agreement we're going to compel the defendant to argue or to not argue against something which is wrong and the sentencing guideline in the plea agreement was wrong they didn't go about it the right way and I agree that I signed on to that and I agree that I was wrong too but I don't think you want to be in a situation to say well, when you realize that the calculation that you've tendered which is not binding on the court is wrong that somehow you still have to argue a position that you now know is legally incorrect Thank you, we'll hear from the government May it please the court, Peter Smith on behalf of the United States The district court properly determined the guideline range in this case on the basis of appellant's relevant conduct that was conduct that was conducted in furtherance of the charged conspiracy Appellant's counsel has made two general assertions this morning that are incorrect and I wanted to take those in order one is that the district court treated the murder of the Mexican kidnap victim as racketeering activity instead of appellant's relevant conduct and that's simply not correct Do you agree that it's not racketeering activity? We do, yeah Why isn't that the end of the case? Because the controlling offense guideline says apply the greater of 19 or the offense level applicable to the underlying racketeering activity Mexican murder is not racketeering activity Well what we're conceding or saying right now is that the murder of the Mexican kidnap victim wasn't racketeering activity And then you have the other predicates you have the drug predicates and the accessory after the fact to murder predicates and those don't get you above 30 Well I want to separate the two points because I think they're different One is how can we bring the RICO conspiracy charge and the predicates for that are the murder and attempted murder of the ICE agents and the drug conspiracy So in the information those are the factual predicates that get you the RICO conspiracy Then the question at sentencing is what's relevant conduct No, the question at sentencing is what's the base offense level and the guideline tells you you look to the racketeering activity which is a term of art that means the RICO predicates So you get an offense level of 30 but you also include relevant conduct and that gets you to 43 The final PSR What is the textual hook in 2E1.1 for going beyond the predicate acts, the racketeering activity I think it's a separate because we're talking now about the calculation of the sentence under the guidelines and the guidelines direct us for a RICO conspiracy the guidelines tell us use 2E1.1 which is the guideline for RICO conspiracy and that tells us not to focus on crime writ large or extraterritorial acts or anything like that, it tells us to focus on racketeering activity which is a term of art that means RICO predicates So you get the offense level and this is explained in the final pre-sentence report I think it's at page 108 109, something like that in the appendix so maybe I'm misunderstanding the question so under chapter 2 the offense level would be 30 but as the final pre-sentence report explains you also have to take into account relevant conduct the relevant conduct includes a first degree murder the offense level for first degree murder is 43 so that gets you to 43 What's your best citation to the PSR for the theory that you just advanced This answers a number of the court's questions and also Collins points all in one spot So in the appendix What's the spot in the JA that will show us the PSR reasoned what you just reasoned It's appendix page 118 and there the probation office explains how they arrived at the adjusted offense level is 40 because he gets a reduction of 3 for acceptance of responsibility but they're explaining there how you get to 43 and they specifically cite the relevant conduct guideline this is also cited in the government's brief but it's in the appendix of page 118 and the probation office says the murder of the kidnapped victim in January of 2011 was also in furtherance That sounds like RICO Act language rather than relevant conduct language Well the relevant conduct would be it's in furtherance of the underlying racketeering activity it would be relevant conduct They don't say it would be relevant conduct Well immediately Aren't they discussing here those acts as within the term of art that Judge Katz has referred to as relevant conduct No your honor because immediately before the sentence I just read they've cited the relevant conduct provision But when they were citing the relevant conduct provision they were referring to the Commissions Act of the United States not to this murder but to the there's a part of that I think they're saying both are relevant conduct But they would have to mention A1A to be the appropriate relevant conduct provision right it's not A1B which is what's cited in the preceding sentence Because you think that he committed the murder himself so it would be A1A That's what the guideline says A1A relevant conduct with respect to acts committed by the defendant him or herself whereas A1B are acts committed by others that are considered jointly committed Isn't that the way that the guideline distinguishes It would and I think the guideline writer would have been better had the probation office at the end of that whole paragraph that I'm referencing cited 1B 1.3 A They're citing A1B there A1A which is your point It would have been better but the result is still correct Shouldn't we send it back to find out if that's what the reasoning here granted that reasoning as we discussed with your friend at the other table is possible but we're not the court that usually does things as fact intense as that the sentencing court would normally be where we'd look and when you say it would have been better it certainly would have been better for your position Wouldn't it be still better if we sent it back There are a number of other places I would say in the record which we can talk about I asked you for the best one and this is the one you gave me There are other places where the government argues specifically that the murder of the Mexican kidnap victim was relevant conduct and cited A1A That I don't know sometimes for example during the government's allocution of sentencing at page 161 the prosecutor says and the other murders including the murder of the Mexican kidnap victim, he's saying is relevant conduct but he doesn't cite A1A so in answer to Judge Santel's question the court could remand it for Judge Lamberth to simply say yeah the correct provision is A1A is 1A but the court doesn't need to do that because it's clear from the record and I can give you a bunch of instances where the government said that what was going on was that the theory was that for coming to this guideline calculation was that the murder of the Mexican kidnap victim was relevant conduct and so we're supposed to you know under Rita and all of the precedent that we have where our first obligation is to ensure that the guidelines calculation was correct we are supposed to presume that the district judge relied on A1A even though A1A isn't cited anywhere in the pre-sentence report and wasn't cited once during the sentencing allocation or the court's pronouncement of sentence I have two responses your honor, one is that it's conclusively shown through the record even without that specific citation that what the government and the district court are doing is to treat that murder, the murder of the Mexican kidnap victim under the relevant conduct guidelines and if the correct fit is 1A then that is what the record is showing but my second response is this court I suppose could remand but it shouldn't do that because there's a principle that this court doesn't remand for sort of ministerial tasks and when you read the paragraph on page 1A It's not ministerial isn't it case law that a miscalculated sentence under the guidelines is inherently prejudicial but it's not miscalculated your honor do we know that you tell us you can give us a number of instances but you've had your chance to give instances and the best one you give is not really what the court is saying is that in the record there isn't a specific citation to A1A which I would probably agree with but the or the court and the government repeatedly said that it was relevant conduct and that is the only provision it could be so that is what the record means and so what I'm saying is that the guidelines were correctly calculated so there is no reason to remand if the court knows that that's what the court that that is what was happening which it was so at pages 128 and 129 where the government filed its its kind of response to the objections I'm not seeing where the government uses the word relevant conduct anywhere in that pleading do they use that word in that pleading not that I'm aware of and I think that the gist of that so why isn't that important they don't cite the guidelines provision that you want us to rely on and they don't use the word relevant conduct that would tell us what guidelines provision so we're just supposed to assume that the only thing they could have meant and the only thing that the district court could have meant was relevant conduct as opposed to predicate act when predicate act was the theory that was most prominently advanced because the Mexican murder was listed as a predicate act in the information it's listed information as an overt act but it's not one of the predicates but I guess my response to your question is listed in the plea agreement as a predicate act not in the plea agreement no I would disagree with that the plea agreement describes you know Rico Conspiracy and then Perenz four different acts and the Mexican murder is one of them right the language that in the plea agreement that you cite to us that you say that they should be bound by describes the Mexican murder as if it's a predicate act on 39 I think describes the underlying racketeering activity which includes murder above and beyond accessory after the fact to the murder of the federal agent right and Apollon's point about the plea agreement here is that it doesn't identify which murder it's talking about at the end of that on the bottom of page 39 the plea agreement cites the relevant conduct provision but it doesn't say A or B it just says 1B1.3 there's another spot in the record where the government specifically references the relevant conduct provision I think correctly it's document 35 it's not in the joint appendix but the government filed an opposition to or objections to the first pre-sentence report where it raised this issue of the murder of the Mexican kidnap victim and it specifically said that that murder was relevant conduct again that's document 35 in the district court's docket. The prosecutor Did you cite that in your brief? No The prosecutor at allocution also said that the murder of the Mexican kidnap victim was relevant conduct. Again it begs the court's question about which provision but Nowhere does the judge on the record adopt that and nowhere in the pre-sentence report does it say what you just said the prosecutor said the pre-sentence doesn't Well the prosecutor keeps talking about the Mexican the murder of the Mexican kidnap victim as being relevant conduct. So you have that in document 35 you have it on page 129 you have it on page 161 so Appellant is wrong today when he says the government never raised this he's also wrong when he says that the district court treated this as racketeering activity this being the murder of the kidnap victim it wasn't racketeering activity it was relevant conduct. So the only question I think that we're debating now is whether the government or the district court ever correctly referenced 1A and I would suggest to the court that that doesn't really matter because that's the only thing that could be referenced in the course of all these pleadings that it's conclusive and that the court doesn't need to remand for that purpose because at that point the court and even Appellant would be, I mean if you set aside Appellant's issues about whether foreign relevant conduct counts and whether it was really treated as racketeering activity this court and Appellant hasn't said that it couldn't be that guideline. But aren't there isn't that a discretionary call for the district court to make? Well if it's applying the guideline to the facts. But so what Is it the kind of thing where there could be only one conclusion that the district court judge could reach after hearing the government's argument? I think so. I'm suggesting that it is conclusive that when you're talking about relevant conduct either the murder of the Mexican kidnap victim is relevant conduct or it's not. Of course it's one or the other. That's the ultimate decision. But in that case the district court judge has to consider well is it really closely connected to the drug trafficking RICO conspiracy or is it just part of the rest of the criminal activity that is not part of the charged conspiracy here? And the court did consider that the parties made that argument at pages 160 to 162 in the sentencing transcript on page 118 the pre-sentence report author from the probation office referenced that that was clearly on the table There's no finding Well There's no finding made in the PSR that this murder was tied to drug trafficking as opposed to other activities. But appellants in entering his plea admitted that the murder of the Mexican kidnap victim was committed in furtherance of the drug trafficking conspiracy at pages I think it's pages 15 to 17 of the government's brief Right. He stipulated that you know some of the things the court discussed earlier this morning that the point of the cartel was to protect or part of the point was to protect its territory from rival cartels to engage in lucrative drug trafficking and the way that it did that was by committing murders, carjackings kidnappings and assassinations and appellants specifically stated and again I think this is at pages 14 to 15 to 17 in the government's brief but appellants said that the murder of the kidnap victim was in furtherance of that cartel activity so that is a finding that's part of the record that's part of appellants will agree that it was part of the cartel activity or part of this specific conspiracy part of the underlying conspiracy and it's cited in the government's brief I think that the transcript page and I'm going from memory now is something like 48 or 59 but it is cited in the government's a bunch of factual facts to which appellant agreed in entering his plea which included that the murder of the kidnapping victim was in furtherance of the charged conspiracy which meant that so that's been resolved so the only question would be whether the district court actually cited the provision and again my response to that is that's what the record means and the court doesn't need to remand to do that anyway because you know that that's what was happening just so that we understand or at least I understand your estoppel argument are you saying that if a defense lawyer agrees at the time of the to a guidelines calculation and the defense lawyer realizes later that that guidelines calculation is incorrect that the defense lawyer has to sit on his or her hands and can't bring that to the attention of the court because of the agreement the defense counsel could bring that to the attention of the court but the argument is that by virtue of entry into the plea agreement and by the district court's acceptance of that plea agreement that complaint on appeal would be estopped but he did raise it with the district court and the district court rejected that argument well I'm trying to understand so you're saying that the attorney can raise it in the district court but the attorney is not allowed to raise it in the court of appeals well I mean our argument is that it fulfills the criteria for judicial estoppel but I think that our argument on the merits is so strong that the court doesn't necessarily need to find estoppel but it does are you abandoning estoppel? no not at all I'm saying that it does meet the criteria for estoppel because appellant took a position in the district court by entering into the plea agreement the plea agreement was accepted by the district court well in advance of sentencing appellant benefited from that acceptance by the district court so the lawyer is supposed to commit ineffective assistance of counsel on appeal by not making the argument by if there's a meritorious argument that the guidelines were incorrectly calculated and that lawyer is the trial lawyer is the appellant lawyer he or she is supposed to not make a meritorious argument because they're bound is that the way this works? well he did make that argument and he could make that argument we're just suggesting that it's stopped like any other argument if a defense counsel may be under some sort of professional obligation to raise an unpreserved claim and the government would in turn argue that review would be for plenary so if the plea agreement said that the parties agreed that the offense level was 30 and the probation office looks at it and the final PSR says no it's 43 and then the defense appeals the sentence and the government on appeal is stopped from arguing that it's really 43 the government has to argue that it's really 30 or the government has to like not what does the government do then? I mean under if I understand your hypothetical correctly the government has agreed that the correct guideline range in the plea agreement is 30 right? yeah the PSR says it's 43 the district court adopts the PSR the defendant appeals you're standing here we're having this argument what do you do? it would seem to be the extension of our argument that we would be under our view that we would be stopped from arguing for the higher guideline range at least as to the allocution it would be a breach of the plea agreement for the government to allocate for more than the 30 but I guess there's another principle at play in the court's hypothetical which is the government's ultimately defending what the district court did so in that sense we may say yes we are stopped but the district court's decision is still out there and we still have to defend it so I guess I'm saying those two principles so you're trying to have your cake and eat it too yes we are just as appellant is but this court could find that appellant well if you get to have your cake and eat it too then why can't appellant get to have his cake and eat it too? well this court could find estoppel is all I'm saying it does meet in our view meets the criteria for estoppel which the task which include obtaining a favorable judicial decision right which here the only thing that could be is the acceptance of the plea in 2012 correct isn't acceptance of a plea really focused on the facts the facts of the underlying agreement doesn't the court normally reserve the right to impose sentence after it gets the pre-sentence report without prejudice so why is it a favorable judicial decision because appellant got the benefit of his bargain he made a bargain with the government and he but what he got from the district court was in 2012 was a reservation of determining the appropriate sentence until sentencing right and our response is that he's bound by his pledge in the agreement I understand the court's point but that the district court wasn't bound by that at sentencing but we are saying that an estoppel principle is what appellant pledged to do in his plea agreement I understand that but you also have to show a favorable judicial decision and it seems a stretch to say when the court accepts the plea agreement subject to determining the sentence at sentencing that counts as a favorable he has sort of prevailed right remind me do you have any cases parallel to this where you've had a provision in a plea agreement and then the government has successfully or the defendant has stopped from making an argument of law with respect to that plea agreement I take the court to be asking whether the government's ever had this sort of estoppel situation before have any court adopted the government's theory with respect to estoppel in this context not that I'm aware of I take that to be a no not that I'm aware of breaking new ground possibly the estoppel argument would be somewhat fact intensive right the district court would assess the factors and it's somewhat equitable and such right did the government raise judicial estoppel below um it didn't because of the so why shouldn't we find it forfeited on appeal yeah I think because of the posture because appellant is arguing now that the government never said anything about relevant conduct in the district court so the defendant was clearly trying to undo his agreement to 43 defense level 43 and he goes to the district court and says look I made this mistake we need to redo the calculation at that point you have everything you need to support an estoppel argument and you didn't make it well I would suggest that we did make it in our brief in the very beginning in the factual section we say that in response to when this when appellant this is our brief says when appellant first made this argument the government's one of the government's responses was hey he agreed that um 43 was the offense that's in your sentencing memorandum um I'm not sure I think it's orally I think it's at sentencing that the prosecutor and did you it's in the government's brief did you mention judicial estoppel and identify the three factors no no we did not do that but we said that he's bound by his representation in the plea agreement or his agreement which I think is the same I mean your point is the court didn't engage in that kind of weighing of those factors which is which is correct we didn't raise it in that way um the court has no further questions I would urge the court to affirm the judgment of the district court thank you thank you Mr. Gilbert we'll give you two minutes thank you your honor I appreciate that kindness I just want to take issue with the fact that the government was repeatedly referring specifically to the Mexican murder specifically as relevant conduct I don't see where that appears anywhere I understand there are places where the government talks about it being in furtherance of the conspiracy and I imagine that that will be an issue to be discussed below where the judge can make the specific factual findings but if you look at the government's sentencing allocution which was extraordinarily brief because they had the pre-sentence report to rely on this is at 161 they're talking about relevant conduct being the murder of agent Zapata and an act in furtherance of the RICO conspiracy they are not mentioning the Mexican murder down at the bottom they say we think not only the murder in Zapata I guess of Zapata but the other murders that are referenced here were all certainly foreseeable as part of the activity and that's a factor it's necessary but not sufficient to find relevant conduct so it's not happening where if you go back and look at the statement of facts the defendant was never acknowledging what was relevant conduct and what was not it's not in the statement of facts it's not in the plea agreement it just wasn't something that was before the court until I raised the issue of the incongruity between the 2015 and the 2017 pre-sentence report the difference being specifically treating the Mexican murder as a separate racketeering activity. Thank you. Thank you Mr. Gilbert we will take this matter under advisement and Mr. Gilbert you were appointed by the court to represent the appellant in this case and we thank you for your very able assistance. Thank you.
judges: Wilkins, Katsas, Sentelle